IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA


JUNE BALLAH,                                    )
                                                )
                                                )   CIVIL ACTION NO. 0:04-2473-SB-BM
                    Plaintiff,                  )
                                                )
v.                                              )   **REPORT AND RECOMMENDATION**
                                                )
JO ANNE B. BARNHART                             )
COMMISSIONER OF SOCIAL                          )
SECURITY,                                       )
                                                )
                    Defendant.                  )
_____)


        The Plaintiff filed the complaint in this action, pro se, pursuant to 42 U.S.C. § 405(g),

seeking judicial review of the final decision of the Commissioner wherein she was denied disability

benefits.  This case was referred to the undersigned for a report and recommendation pursuant to

Local Rule 73.02(B)(2)(a), (D.S.C.).

        The record shows that Plaintiff applied for Supplemental Security Income (SSI),

alleging disability as of April 13, 1998 due to arthritis and scoliosis. (R.pp. 40-45, 53). Plaintiff's

claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an

Administrative Law Judge (ALJ), which was held on January 21, 2004. (R.pp. 170-192).  The ALJ

thereafter denied Plaintiff's application in a written decision issued March 24, 2004.  (R.pp. 16-21).

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making

the determination of the ALJ the final decision of the Commissioner. (R.pp. 4-7).

The Plaintiff then filed this pro se action in United States District Court.  Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980).  If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision.  Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).  The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

2

**Discussion**

A review of the record shows that Plaintiff, who was thirty-four (34) years old when she alleges her disability began, has a high school education with past relevant work experience as a fast food restaurant worker and gas station attendant. (R.pp. 66, 176-178). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from early degenerative joint disease of the spine and obesity, she nevertheless retained the residual functional capacity to perform her past relevant work as a fast food restaurant worker and gas station attendant, and was therefore not disabled.  (R.p. 20).

Plaintiff asserts that the ALJ erred by finding that she can return to her past relevant work, but makes only general arguments and assertions in support of this claim.  Plaintiff also contends in her filings that her condition has "progressively gotten worse".  However, after careful consideration of the evidence and arguments presented, the undersigned finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term was defined in the Social Security Act during the relevant time period, and that the decision of the Commissioner should therefore be affirmed.

Plaintiff's medical records contain two physicians notes from October 1997, some six months before she alleges she became disabled, both of which indicate that they were obtained for Plaintiff's employer (Burger King).  These notes reflect that Plaintiff should be restricted to

light duty work. However, there is no indication on either of these notes as to whether this restriction was for some temporary condition, whether any examinations or tests had actually been performed, or what the nature of Plaintiff's ailment was. Plaintiff's medical records further show that she was diagnosed with arthralgia and possible arthritis on February 23, 1998; however, a physician statement completed for the Plaintiff on March 27, 1998 (approximately three weeks before Plaintiff alleges she became disabled) reflects that Plaintiff was able to work full-time as long as she had to perform no bending, lifting, stooping, or overhead work, and had a sit/stand option. (R.pp. 100-102). Other than another physician's note dated April 13, 1998, there is no evidence that the Plaintiff sought any further medical evaluations. (R.p. 103).

In conjunction with her application for benefits, Dr. Melvin Porter performed a consultative examination on June 30, 2002. Dr. Porter found Plaintiff's upper and lower extremities to be within normal limits with no joint problems, no swelling, no tenderness, no decreased range of motion, and no increased heat. Dr. Porter reported that he did not notice any significant scoliosis or tenderness in Plaintiff's thoracic or lumbosacral spine, and concluded that Plaintiff's examination was "entirely normal." (R.pp. 104-105). Also, on August 7, 2002, Plaintiff's mental condition was assessed by Dr. Helen Clark, who completed a psychiatric review technique form in which she found that, while Plaintiff did have some mild restrictions, she did not have any severe mental impairment. (R.pp. 123-136).

A second consultative examination was performed by Dr. Cheryl Sarmiento on February 27, 2003. Dr. Sarmiento found Plaintiff's cardiovascular system, back, and abdomen to be normal. Musculoskeletal and neurological examinations were also normal. Plaintiff's cervical spine, thoracic spine, and thoracolumbar spine all showed no abnormalities and no tenderness.

4

Plaintiff's hips also showed no abnormalities, and her knees and ankles were normal. Plaintiff

refused to perform range of motion testing for her knees and back, complaining of pain. Dr.

Sarmiento opined that Plaintiff might have possible fibromyalgia and chronic pain syndrome, and

recommended that Plaintiff pursue pain management and occupational therapy. (R.pp. 106-108).

However, there is no record that Plaintiff followed any of these recommendations. A second

mental evaluation was also obtained from Dr. Xanthia Harkness on March 6, 2003, who after

reviewing Plaintiff's medical records opined that Plaintiff had mild limitations in her social

functioning and in her ability to maintain concentration, persistence and pace, but did not have a

severe mental impairment. (R.pp. 109-122).

At the hearing, Plaintiff testified that she had not made any attempt to work since

being fired from a job in April 1998, and that she did not believe she was able to work any longer

due to her history of pain. Plaintiff also testified that she was unable to walk for long distances or

drive, but that she was able to engage in such activities as making breakfast and lunch for her

husband, paying the bills, and performing some housework and laundry. (R.pp. 179-180, 187-

188).

The ALJ reviewed the medical evidence together with Plaintiff's subjective testimony

and determined that Plaintiff retained the residual functional capacity to perform a full range of

medium work.[1] In making this finding, the ALJ specifically noted that the two physicians' notes

from 1997 and the other medical records from 1998 gave no reasons for the limitations stated, that

---

[1]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or
carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). "If
someone can do medium work," he is also considered capable of performing the less strenuous
requirements of sedentary and light work. Id.

no specific findings on examination were stated in any of these records, nor was any period of duration set for the purported physical limitations. (R.p. 18). Conversely,  the physical examinations performed by Dr. Porter and Dr. Sarmiento contain detailed findings and reflect no physical limitations which would preclude medium work, nor did the mental assessments contained in the record preclude such work. (R.pp. 18-19). The ALJ further found that Plaintiff could perform her past relevant work with this functional capacity. (R.p. 20).

Plaintiff's medical records provide substantial evidence to support the residual functional capacity as found by the ALJ.  See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly give significant weight to an assessment of an examining physician]; Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability]; Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner]. While the ALJ did find  that Plaintiff suffers from early degenerative joint disease of the spine and obesity, this finding  does not mean that Plaintiff is automatically entitled to SSI.  See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) [the mere presence of impairments does not automatically entitle a claimant to disability benefits, there must be a showing of related functional loss]; Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual function limitations]; Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989) ["the mere fact that working may cause pain or discomfort does not mandate a finding of disability"]; see also Hays, 907 F.2d at 1458 [noting the significance of medical opinion that claimant could work].

The undersigned also does not find any reversible error in the ALJ's decision to

6

discount the credibility of Plaintiff's subjective testimony as to the extent of her pain and impairment. The ALJ reviewed Plaintiff's testimony and compared it with the medical evidence before finding that her testimony was inconsistent with the severity of her condition as reflected in the medical evidence. (R.p. 19). Substantial evidence supports the ALJ's treatment of Plaintiff's subjective testimony in conjunction with this medical evidence. See Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; Hunter, 993 F.2d at 35 [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints]; Jolley v. Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [finding that objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled]; Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983) [claimant's exaggeration of symptoms is a relevant factor for the ALJ to consider]; see also Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence].

Finally, with respect to Plaintiff's complaint in her December 15, 2004 filing with this Court that her condition continues to get progressively worse, Plaintiff is advised that if her condition has significantly deteriorated since the ALJ's decision, she may file a new application for benefits. Breedlove v. Callahan, No. 97-7024, 1997 WL 572145 at *2 (10th Cir. Sept. 8, 1997); Skeens v. Secretary of Health and Human Services, 737 F.Supp. 362, 366 (W.D.Va. 1990); cf. 20 C.F.R. § 404.976(b)(1) (2004). However, a deterioration in her condition, even if true, does not entitle her to an award of SSI on this application, as substantial evidence supports the ALJ's finding and conclusion that Plaintiff was not disabled through the date of his decision. Therefore, the decision

7

should be affirmed.

## **Conclusion**

Substantial evidence is defined as " … evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

The parties are referred to the Notice Page attached hereto.

s/ BRISTOW MARCHANT
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 3, 2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

9